972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellant,
v.
Kathleen G. LEANDER, Defendant-Appellee.
 No. 91-16357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal N. Wiideman, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of a prison mailroom official on the ground of qualified immunity in Wiideman's 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Wiideman contends that the mailroom official violated his first amendment rights by failing to send him a package containing religious material. This contention lacks merit.
 
 
 4
 Prison actions or regulations that infringe upon an inmate's free exercise of his religious beliefs are valid if they are "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 350-52 (1987). Whether an action or regulation reasonably relates to legitimate penological interests depends upon four factors:
 
 
 5
 (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; (2) whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates; (3) the impact that accommodation of the asserted right will have on guards, other inmates, and prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.
 
 
 6
 Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989).
 
 
 7
 The prison official is entitled to qualified immunity unless her conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be clearly established, it must be "sufficiently clear that a reasonable official would understand that what he was doing violates that right ... in light of preexisting law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 639-40 (1987).
 
 
 8
 Here, the mailroom official examined a package sent to Wiideman and determined that it raised security concerns because it contained satanic material. She then referred the package to a prison review committee and advised Wiideman of her actions. The review committee subsequently determined that Wiideman could receive the package.
 
 
 9
 Given that prisons may enact regulations that infringe upon inmate's first amendment rights for security reasons, we agree with the district court that the mailroom official was entitled to qualified immunity for her action in referring the package to the prison review committee.
 
 
 10
 Wiideman also contends that he never received the package despite the prison committee's determination that he could receive it. He fails to state a section 1983 claim regarding any loss of his property, however, because Nevada law provides him with an adequate state postdeprivation remedy. See Nev.Rev.Stat. § 41.031 et seq.; Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3